Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Avenue, 17th Fl.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
E-mail: aharris@harrisandruble.com
E-mail: pmohan@harrisandruble.com

*Attorneys for Plaintiff Thad Johnson*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAD JOHNSON, individually and on behalf of all others similarly situated, Plaintiff, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:15-CV-05745 <br><br> **CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT** <br><br> 1. California Labor Code § 226.7—Rest-Period Violations <br><br> 2. California Labor Code § 204—Timely Payment of Earned Wages <br><br> 3. California Labor Code §§ 510 and 1194—Non-Payment of Overtime <br><br> 4. 29 U.S.C. §§ 207 and 216—Non-Payment of Overtime <br><br> 5. California Labor Code § 2802—Reimbursement of Expenses <br><br> 6. California Labor Code § 226—Failure to Provide Information on Pay Stubs <br><br> 7. California Labor Code §§ 201, 202, and 203—Continuing Wages <br><br> 8. California Business and Professions Code § 17200 *et seq.*—Unfair Competition <br><br> 9. Civil Penalties, California Labor Code § 2698 *et seq.* |

Plaintiff Thad Johnson, on behalf of himself and all others similarly situated, and on behalf of the general public, and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, for his claims against Defendant The Goodyear Tire and Rubber Company, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Goodyear" or "Defendant"), alleges:

## JURISDICTION AND VENUE

1. **Jurisdiction.** As alleged more particularly below, the Court has original jurisdiction of this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

2. **Venue.** As alleged more particularly below, venue is proper in the Central District of California because Defendant operates within the State of California and does business in the Central District. Defendant employed Plaintiff and similarly situated employees within California.

## PARTIES

3. Plaintiff Thad Johnson is a resident of Los Angeles County, California. Unless otherwise stated, at all times relevant herein, he was employed by Defendant as a non-exempt, hourly employee in Los Angeles County, State of California.

4. Defendant Goodyear is an Ohio corporation doing business in Los Angeles, California. Goodyear operates within the State of California and employed Plaintiff and similarly situated employees within California.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant, sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendant by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become

known.

6.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and current and former employees of Goodyear. Plaintiff has initiated the procedures necessary to assert a civil-penalties claim for relief on account of violations of the California Labor Code and the relevant Wage Order.  These violations give rise to civil penalties under the California Labor Code Private Attorney's General Act ("PAGA"), and he asserts such claims on his own behalf and on behalf of Goodyear's other employees in California.

## SUBSTANTIVE ALLEGATIONS

7.      Defendant Goodyear states on its company website that it is "the world's largest tire company, with facilities across six continents and annual sales of more than $15 billion."  See https://corporate.goodyear.com/en-US/about/global.html (accessed on July 27, 2015).  Goodyear is "one of the world's largest operators of commercial truck service and tire retreading centers.  In addition, it operates approximately 1,240 tire and auto service outlets where it offers its products for retail sale and provides automotive repair and other services."  See https://corporate.goodyear.com/en-US/about/our-brand-and-products.html (accessed on July 27, 2015).  Defendant operates hundreds of such facilities throughout the United States using various trade names, including the trade names "Goodyear Auto Service Center" or "Just Tires."  There are at least forty such stores in California alone.

8.      Defendant's facilities employ workers on an hourly basis.  According to the Goodyear Retail Associate Handbook given to Plaintiff during his employment, non-exempt associates are paid every Thursday.  Plaintiff was employed by Defendant and worked at three "Just Tires" locations during the course of his employment with

Defendant.  Plaintiff worked from approximately June, 2014 to his "exit date" of January 6, 2015.  Plaintiff's last day worked for Defendant was December 22, 2014.

9.     The applicable Industrial Welfare Commission ("IWC") wage order requires that employers provide their employees with a ten-minute rest period for every four hours worked or major fraction thereof, so long as the employees work more than three-and-a-half hours.  Cal. Code Regs. § 11070 subsec. 12(A).  In other words, employers are required to provide their employees with one ten-minute rest break for shifts of three-and-a-half hours to six hours in length, and a second ten-minute rest break for shifts of more than six hours up to ten hours, another ten-minute rest break for shifts of more than ten hours up to fourteen hours, and so forth.  Additionally, the applicable IWC wage order requires that employers provide their employees with a thirty-minute meal period for any shift longer than five hours, a second thirty-minute meal period for any shift longer than ten hours, and so forth.  Id. subsec. 11(A).

10.     The right to meal and rest periods has been codified in sections 204, 226.7, and 512 of the California Labor Code.  Section 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Lab. Code § 512(a).  Section 226.7 provides:

> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission,

the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Id. § 226.7(b). Section 204 provides that "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Id. § 204(a). Compensation for missed meal and rest periods constitutes wages within the meaning of section 204 of the Labor Code.

11.    During Plaintiff's employment with Defendant as an hourly employee, Defendant did not provide him with all required thirty minute meal periods. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's wage statements produced by Defendant in response to a Cal. Lab. Code § 226 request to copy or inspect payroll records. For instance, as reflected on Plaintiff's wage statement for the period from July 4, 2014 to July 10, 2014, he received a meal-period wage for an additional hour of pay. See Ex. 1 at G00005. Plaintiffs wage statements for the periods from September 12, 2014 to September 18, 2014 (G00016); September 19, 2014 to September 25, 2014 (G00017); October 3, 2014 to October 9, 2014 (G00019); October 24, 2014 to October 30, 2014 (G00022); November 14, 2014 to November 20, 2014 (G00025) reflect similar meal-period payments.

12.    In addition to not being properly provided with all required meal breaks, Plaintiff and other non-exempt California employees were not properly provided with all required rest breaks, the Defendant's facilities frequently and systematically being understaffed. A review of Plaintiff's wage statements however reveals that he has never been provided with any additional pay on account of missed rest breaks. Plaintiff is entitled to recover his unpaid rest period premium wages and the associated civil penalties. Defendant's failure to pay rest period premiums resulted in systematic violation of section 204 of the Labor Code. Plaintiff and Defendant's other aggrieved, non-exempt California employees are entitled to damages under sections 204 and 226.7

of the Labor Code, along with the associated civil penalties.

13.     Plaintiff is also entitled to damages under section 204 for certain off-the-clock work performed for Defendant as a non-exempt associate.  During the relevant time period, certain designated non-exempt associates such as Plaintiff were tasked with closing the Goodyear facilities in the evening.  The closing process required non-exempt associates to electronically "punch out" from the timekeeping system and go "off the clock" to finish their work.  These off-the-clock duties included closing and securing the facility, setting the alarm as well as traveling to the bank to make a deposit of the daily receipts.  Defendant failed to properly compensate non-exempt associates for this off-the-clock work, despite the fact that the work routinely took at least ten to fifteen minutes to perform and Defendant was aware that associates were required to perform this work.  Plaintiff himself performed such off-the-clock work for Defendant as a non-exempt associate at the three "Just Tires" facilities at which he worked during his employment.  It took Plaintiff at least ten to fifteen minutes to perform these off-the-clock duties.  Plaintiff and other non-exempt associates employed by Defendant in California who were designated to close the facilities and/or make the bank deposits are therefore entitled to damages for Defendant's failure to pay all owed wages.  These violations also give rise to claims for civil penalties under section 204 of the California Labor Code.

14.     In addition, whenever Plaintiff, in his capacity as a non-exempt associate, would make the end-of-day bank runs, Defendant never provided him with any expense reimbursement for transportation or other expenses.  The relevant banks were located more than a mile from the "Just Tires" facilities at which Plaintiff was employed, which required him to use his personal automobile in order to travel to the banks.  Defendant, though, never provided him with any mileage reimbursement, whether by way of reimbursing him for actual mileage expenses incurred, providing him with a per-mile reimbursement, or providing him with a lump-sum payment to cover the incurred expenses.  Defendant knew that Plaintiff and other associates would use personal vehicles or public transportation to travel to the bank.  Defendant therefore violated section 2802

of the Labor Code, which section requires employers to "indemnify [their] employee[s] for all necessary expenditures or losses incurred by the employee[s] in direct consequence of [their] duties." Cal. Lab. Code § 2802(a). Plaintiff performed these off-the-clock, end-of-day bank runs at Defendant's direction. Because he was never reimbursed for the costs incurred in traveling to the bank, he is entitled to the damages specified by section 2802.

15. On information and belief, Plaintiff alleges that, during the relevant time period, Defendant never provided expense reimbursement to non-exempt associates employed in California who had to travel for their end-of-day bank runs. Defendant knew that they would routinely use cars or the bus to travel to the bank. Defendant therefore violated section 2802 of the Labor Code as to these employees. Because none of these employees were ever reimbursed for the costs incurred in traveling to the bank, they are entitled to the damages specified by section 2802.

16. Moreover, whenever any of this off-the-clock work resulted in employees' working more than eight hours per day or forty hours per week, such work should have been compensated at employees' respective overtime rates. In this regard, section 510 of the Labor Code states:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Id. § 510(a). Similarly, the FLSA provides:

> [N]o employer shall employ any of his employees who in any workweek is
> engaged in commerce or in the production of goods for commerce, or is
> employed in an enterprise engaged in commerce or in the production of
> goods for commerce, for a workweek longer than forty hours unless such
> employee receives compensation for his employment in excess of the hours
> above specified at a rate not less than one and one-half times the regular rate
> at which he is employed.

29 U.S.C. § 207(a)(1).  Under both the Labor Code and the FLSA, employees who receive less than the proper amount of overtime compensation are entitled to recover in a civil action the unpaid balance of their overtime compensation.  Cal. Lab. Code §1194(a); 29 U.S.C. § 216(b).  The FLSA also permits employees to recover "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Plaintiff worked in excess of eight hours per day or forty hours per week on account of the above-described off-the-clock work, and he is therefore entitled to the damages specified by Labor Code section 1194 and by the FLSA.  On information and belief, Plaintiff alleges that, during the relevant time period, Defendant's non-exempt associates also worked in excess of eight hours per day or forty hours per week on account of the above-described off-the-clock work.  These employees are likewise entitled to the damages specified by Labor Code section 1194 and by the FLSA.  Violations of section 1194 of the California Labor Code also give rise to civil penalties under PAGA.

17.    Employees are also entitled to recover additional overtime compensation under the Labor Code and the FLSA because, in those instances in which they earned non-hourly payments on top of their hourly wages, Defendant miscomputed their respective overtime rates.  This miscomputation violation took place not only with respect to associates who performed bank runs, and irrespective of their bank runs, but also with respect to other employees who never did bank runs but who earned overtime compensation and commissions in the same pay periods.  As noted above, under both the California Labor Code and the FLSA, any overtime hours must be compensated at the

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT

rate of no less than one and one-half times the regular rate of pay.  An employee's "regular rate," in turn, must be calculated with reference to all payments received, including bonuses and commissions.  <u>See</u>, <u>e.g.</u>, <u>Huntington Mem'l Hosp. v. Superior Court</u>, 131 Cal. App. 4th 893, 904 (2005); 29 C.F.R. § 778.117.  Defendant, however, did not properly include bonuses and commissions in the regular-rate—and, hence, in the overtime-rate—calculation.  More specifically, under the relevant regulations, if a bonus or commission is earned by an non-exempt employee over a period of time longer than a single workweek, the employer must first pay the employee overtime compensation on the hourly wage (at a rate equal to one-and-a-half times the employee's hourly, straight-time rate of pay) and must thereafter pay the employee overtime compensation on the commission or bonus (at a rate equal to one-half times the employee's hourly bonus rate, computed by dividing the commission or the bonus by the total hours worked during the pay period, and then by multiplying that quotient by one-half).  29 C.F.R. §§ 778.209, 778.119–20; Division of Labor Standards Enforcement, <u>Enforcement Policies and Interpretations Manual</u> § 49.2.4.1.  Defendant did not properly compute the overtime compensation based on the employee's regular rate or on their commissions or bonuses earned during the pay period.  For instance, consider the pay period from June 6, 2014 to June 12, 2014.  <u>See</u> Ex. 1 at G00001. During this pay period, Plaintiff Johnson's wage statement reflects that his straight-time hourly rate was $13.5002 and that he worked 39.10 straight-time hours, for a total of $527.86 in straight-time pay.  (Ex. 1 at G00001.) Plaintiff's wage statement also reflects that he received $1.01 in overtime pay for 0.05 overtime hours worked on June 12, 2014.  The overtime rate listed for this work is $20.20.  However, one-and-a-half times Plaintiff Johnson's straight-time hourly rate would be $20.25, not $20.20.  In other words, Defendant paid Plaintiff Johnson less than one-and-a-half times his straight-time hourly rate for the overtime hours worked on June 12, 2014.  During the pay period June 13, 2014 to June 19, 2014, as reflected on his wage statement, Plaintiff Johnson received a commission and/or bonus and/or spiff— designated on the statement as "CA SAL BON"—of $22.05.  (Ex. 1 at G0002.)  Under

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT

the above-noted regulations, Defendant should have instead paid extra overtime compensation to Plaintiff Johnson for these commissions, bonuses and/or spiffs equal to some $0.26 for each overtime hour worked (= ($22.05 ÷ 42.90 total hours worked) × ½). In other words, his regular rate for the pay period should have been some $13.76, not the $13.50 regular rate listed on the wage statement or the unstated regular rate that Defendant actually used to compute the overtime pay.  The overtime rate based on a regular rate of $13.76 is $20.64.  The wage statement describes $20.25 as the overtime rate used for overtime paid for the dates June 15, 2014, June 16, 2014 and June 18, 2015. This overtime rate is only one-and-a-half times $13.50, and does not take into account the commissions, bonuses and/or spiffs earned during the pay period.  The wage statement lists $20.2555 as the overtime rate used to calculate overtime paid for the date June 17, 2014.  Again, this rate does not properly take into account the commissions, bonuses and/or spiffs earned during the pay period.  Similar violations can be found in other pay periods for Plaintiff Johnson.

18.     The bonuses, commissions and spiffs paid by Defendant to Plaintiff did not exceed half of his total compensation.  Furthermore, the amounts of the bonuses, commissions and spiffs paid by Defendant to Plaintiff were computed strictly as a function of items sold by Plaintiff to Defendant's customers, meaning that Defendant did not retain any discretion with respect to the amount of the bonuses, commissions and spiffs.  Likewise, Defendant promised to pay bonuses, commissions and spiffs to Plaintiff whenever Plaintiff sold certain items to Defendant's customers, meaning that Defendant did not retain any discretion with respect to whether to pay bonuses, commissions or spiffs.  On information and belief, Plaintiff alleges that, during the relevant time period, Defendant's other non-exempt employees earned such non-discretionary bonuses, commissions or spiffs equaling less than one-half of their total compensation; that, during the relevant time period, these employees worked more than forty hours in a week; that, during the relevant time period, these employees were paid on a weekly basis; and that, during the relevant time period, Defendant did not calculate their overtime pay with

reference to bonuses, commissions and spiffs.  Plaintiff and Defendant's other aggrieved, non-exempt employees are therefore entitled to damages under section 1194 of the Labor Code and section 216 of the FLSA, as well as the associated PAGA civil penalties.

19.    The above-described failures to pay employees all wages due and owing leads to liability under California's pay-stub statute, section 226 of the Labor Code. Section 226 provides:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the

rate of pay and the total hours worked for each temporary services assignment.

. . . .

(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(B) An employee is **deemed to suffer injury** for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period.  Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of  subdivision (a).

(iii) The name and address of the employer. . . .

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT

1         (C) For purposes of this paragraph, "promptly and easily determine" means

2         a reasonable person would be able to readily ascertain the information

3         without reference to other documents or information.

4   Cal. Lab. Code § 226 (emphasis in bold).  Because Defendant failed to pay proper meal-

5   and rest-period wages, failed to pay proper compensation for off-the-clock work, and

6   failed to pay all overtime (all as detailed above), employees were not provided with an

7   accurate statement of all gross and net wages earned.  Defendant's wage statements are

8   also inaccurate in that they do not list all applicable hourly rates in effect during the pay

9   period as noted above in connection with the wage statements attached hereto as Exhibit

10   1.  Furthermore, although section 226(a) of the California Labor Code requires Defendant

11   to provide wage statements that must accurately set forth, among other things, the last

12   four digits of the employee's Social Security Number or an employee ID number,

13   Defendant has failed to comply with this requirement.  Specifically, the wage statements

14   provided to Plaintiff and Defendant's other employees fail to state their employee

15   identification numbers or no more than the last four digits of their social security

16   numbers, in violation of Labor Code § 226(a)(7).  Defendant's failure to comply with this

17   requirement is willful since this wage statement violation was raised in the case of

18   Toshiba Johnson v. The Goodyear Tire & Rubber Co., Alameda County Super. Ct. Case

19   No. RG13665881 (filed Feb. 1, 2013 and removed to the U.S. District Court for the

20   Northern District California as Case No. C13-1069 on Mar. 8, 2013).  Indeed, on account

21   of the litigation previously brought by Toshiba Johnson, all of the aforesaid violations

22   must be deemed knowing and intentional, particularly in light of Defendant's status as a

23   major public corporation with highly competent internal Human Resources and Legal

24   Departments.

25         20.    Because a reasonable person would not know how to determine the

26   magnitude of his or her applicable hourly rates from reviewing the wage statements

27   alone, the employees have been "injured" within the meaning of section 226.  Likewise,

28   whenever Defendant underpaid its employees (as detailed above), it is impossible to

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT

determine the amount of the underpayment from looking at the wage statement alone. This also qualifies as "injury" under section 226.  Moreover, these were not isolated or unintentional payroll errors stemming from clerical or inadvertent mistakes; instead, they stem from Defendant's meal and rest break policies, its policy that employees designated to perform bank runs finish their work off the clock, and its overtime-calculation methodology.  Defendant has therefore acted knowingly and intentionally within the meaning of section 226.

21.     In addition to leading to liability under California's wage statement statute, the above-described failures to pay employees all wages due and owing leads to liability under sections 201 through 203 of the Labor Code.  Under the Labor Code, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Id. § 201(a).  Similarly, if an employee quits, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Id. § 202(a).  If an employer "willfully fails to pay" former employees within the time limits set by sections 201 or 202, whichever the case may be, then "the wages of the employee[s] shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," up to a maximum of thirty days. Id. § 203(a).  As with the wage-statement violations, Defendant's failure to pay all compensation due upon the termination of employment was not the result of isolated or unintentional payroll errors; instead, they stem from Defendant's meal and rest break policies, its policy that employees designated to perform bank runs finish their work off the clock, and its improper overtime-calculation methodology.  Defendant has therefore acted willfully within the meaning of section 203, particularly in light of its sophisticated Human Resources and Legal Departments.  Because Plaintiff himself is a former employee, he is entitled to the continuing wages set forth in section 203.

22.    Further, Defendant's Associate Handbook states that associates whose employment with Defendant is ending will be issued their final paycheck "on the next normal payday following the pay period in which termination occurs, or as provided under state law."  On information and belief Plaintiff alleges that Defendant's final paycheck policy violates Cal. Lab. Code § 203.   Plaintiff's last day worked was on or about December 22, 2014.  According to Defendant's records, his "exit date" was January 6, 2015.  However, Plaintiff did not receive a final paycheck until after his termination date, the final check being cut in quite tardy fashion, on January 29, 2015.

### *CLASS-ACTION AND COLLECTIVE-ACTION ALLEGATIONS*

23.    Plaintiff Johnson brings the first, second, third, fifth, sixth, seventh, and eighth claims for relief alleged below pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 provides:

(a) Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:  . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. Proc. 23.  Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiff Johnson seeks to represent a Class of all of Defendant's non-exempt employees in California during the period from four years prior to the filing of this Complaint until the submission of this Court's Order granting certification.  The Class may include the

following Subclasses:

- **Rest-Period Subclass**:  Since the period of time commencing four years prior to the filing of the Complaint, all non-exempt individuals employed by Defendant in California who worked more than three-and-a-half hours during any given shift.

- **Off-the-Clock Subclass**:  Since the period of time commencing four years prior to the filing of the Complaint, all non-exempt individuals employed by Defendant in California as associates who made end-of-day deposits.

- **Reimbursement Subclass**:  All Members of the Off-the-Clock Sublass who were employed at facilities located at least a mile (as determined by reference to Google Maps) from the bank at which they were required to make end-of-day deposits.

- **Miscalculation Subclass**:  Since the period of time commencing four years prior to the filing of the Complaint, all non-exempt individuals employed by Defendant in California who worked overtime during a pay period in which bonuses, commissions or spiffs were earned.

- **Wage Statement Subclass**:  Since the period of time commencing one year prior to the filing of the Complaint, all non-exempt individuals employed by Defendant in California.

24.    Plaintiff Johnson brings the fourth claim alleged below on a collective-action basis pursuant to the FLSA.  The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party."  29 U.S.C. § 216(b).  Pursuant to the FLSA, Plaintiff Johnson seeks to represent the following Collective Action:

- **Federal-Law Overtime Collective Action**:  Since the period of time commencing three years prior to the filing of the Complaint, all non-

exempt individuals employed by Defendant in the United States as associates who worked more than forty hours during a pay period in which (1) bonuses, commissions or spiffs were earned or (2) in which they did a bank run.

Plaintiff's consent to join this action is attached hereto as **Exhibit 2**.

25. The proposed Class and Subclasses are ascertainable in that their Members can be identified from the information contained in Defendant's computerized payroll and personnel records—records that Defendant is required by law to keep.

26. The Class and Subclasses are believed to number in excess of 100 but fewer than 4,000 persons.  It is therefore impractical to join each Member as a named plaintiff. Nevertheless, the number of persons in the Class and Subclasses is not so great as to make the case unmanageable, and the disposition of the claims of the Class and Subclasses on a class-wide and collective basis will provide substantial benefits to both the parties and the Court.

27. There is a well-defined community of interest in the questions of law and fact for the Class and Subclasses, and those questions predominate over questions that may impact individual Class Members.  These common questions include:

- whether Defendant's policy of not authorizing rest breaks for non-exempt employees violates California's rest-period requirements;

- whether Defendant's policy of requiring associates to complete the store closing process  and bank runs off-the-clock is a violation of state and federal law;

- whether Defendant was required to reimburse the costs of using cars or the costs of public transportation incurred by non-exempt associates performing bank runs at facilities located at least a mile from the bank at which they were to make end-of-day deposits;

- whether Defendant properly included bonuses, commissions and spiffs in the overtime-compensation calculation;

- whether Defendant's failure to pay all required wages as detailed above leads to derivative liability under California's pay-stub and continuing-wage statutes;

- whether Defendant's failure to list all hourly rates and employees ID numbers or no more than the last four digits of their social security numbers  on its wage statements leads to liability under California's wage statement statute; and

- Whether Defendant's failure to pay employees whose employment has terminated their final wages within the time specified by Cal. Lab. Code § 203 was "willful," leading to liability under California's continuing-wage statute.

28.    Plaintiff Johnson's claims are typical of those of Class Members because he is a former employee of Defendant; he was employed by Defendant as an hourly employee during the relevant time periods, including as an non-exempt associate who made end-of-day, off-the-clock bank runs to a bank located more than a mile from his place of employment without being reimbursed; and his wage statements did not list all required information.

29.    Plaintiff Johnson will fairly and adequately represent the interests of the Classes in that he has no disabling conflicts of interest that would be antagonistic to other Members thereof.  Indeed, he seeks relief that is not antagonistic or adverse to the Members of the Class and Subclasses in that the infringement of his rights and the damages that he has suffered are typical of all other Class Members.  Additionally, he has retained counsel who are competent and experienced in class-action litigation.

30.    The nature of this action and the laws available to Plaintiff Johnson and Class Members make the class-action/collective-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  First, the amounts at stake are relatively small.  Given that this case involves a large corporate Defendant, if each Class Member were required to file an individual lawsuit, Defendant would necessarily

gain an unfair advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.  Second, requiring each Class Member to pursue an individual remedy would discourage the assertion of lawful claims by employees who would be disinclined to file an action against their current employer for fear of retaliation.  Third, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against Defendant.  Fourth, proof of a common business practice will establish the right of each Class Member to recover on the claims alleged.  Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiff Johnson and the Class Members to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the Labor Code and the FLSA.

### FIRST CLAIM FOR RELIEF

*California Labor Code § 226.7*

*Rest-Period Violations*

*(Class Action)*

31.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

32.     As alleged above, Defendant did not adequately staff its facilities and, accordingly, it did not provide adequate rest breaks for employees.  An employer's failure to provide required rest breaks results in the imposition of civil penalties on the employer.

33.     Plaintiff and Class Members were not provided with all required rest breaks. He has also never been provided with any additional pay on account of missed rest breaks. Based on these violations, Plaintiff and Members of the Rest-Period Subclass are entitled to recover their missed-break premium pay under section 226.7 of the Labor

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT

1  Code.  They are also entitled to recover interest on those wages pursuant to section 218.6

2  of the Labor Code.

3  ### SECOND CLAIM FOR RELIEF

4  *California Labor Code § 204*

5  *Timely Payment of Earned Wages*

6  *(Class Action)*

7  34.  Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

8  allegation set forth in this Complaint.

9  35.  As alleged above, Defendant required non-exempt associates to complete the

10  closing process after punching out for the day.  Defendant knew that Plaintiff and

11  Members of the Off-the-Clock Subclass were not being compensated for time actually

12  worked, but Defendant did not reimburse them or compensate them for time actually

13  worked. This constitutes a violation of section 204 of the Labor Code.

14  36.  Based on this violation, Plaintiff and Members of the Off-the-Clock

15  Subclass are entitled to recover their unpaid compensation.  They are also entitled to

16  recover interest thereon, attorney's fees, and costs pursuant to sections 218.5 and 218.6 of

17  the Labor Code.

18  ### THIRD CLAIM FOR RELIEF

19  *California Labor Code §§ 510 and 1194*

20  *Non-Payment of Overtime*

21  *(Class Action)*

22  37.  Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

23  allegation set forth in this Complaint.

24  38.  As alleged above, Defendant required non-exempt associates to complete the

25  closing process after punching out for the day.  Because this resulted in non-exempt

26  associates' working more than eight hours per day or forty hours per week, Defendant

27  violated section 510 of the Labor Code.

28

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT

39.     As also alleged above, Defendant miscomputed the overtime rate of pay for employees earning bonuses, commissions and/or spiffs.  This is a violation of section 510 of the Labor Code.

40.     Based on these violations, Plaintiff, Members of the Off-the-Clock Class, and Members of the Miscalculation Class are entitled to recover their unpaid overtime under section 1194 of the Labor Code, along with interest thereon, attorney's fees, and costs.

## FOURTH CLAIM FOR RELIEF

### *29 U.S.C. §§ 207 and 216*

### *Non-Payment of Overtime*

### *(Collective Action)*

41.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

42.     As alleged above, Defendant required non-exempt associates to complete the closing process after punching out for the day.  Because this resulted in non-exempt associates working more than forty hours per week, Defendant violated 29 U.S.C. § 207.

43.     As also alleged above, Defendant miscomputed the overtime rate of pay for employees earning bonuses, commissions and/or spiffs.  This is a violation of 29 U.S.C. § 207.

44.     Based on these violations, Plaintiff and Members of the Federal-Law Overtime Collective Action are entitled to recover their unpaid overtime, liquidated damages, attorney's fees, and costs under 29 U.S.C. § 216.

## FIFTH CLAIM FOR RELIEF

### *California Labor Code § 2802*

### *Reimbursement of Expenses*

### *(Class Action)*

45.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

46.     As alleged above, as part of the end-of-day closing process, Defendant required non-exempt associates who worked at facilities located more than a mile from the bank to perform bank runs without ever reimbursing them for the incurred expenses. Defendant knew and was informed that Plaintiff and Off-the-Clock Subclass Members traveled to the bank by public transportation or car. This is a violation of section 2802 of the Labor Code.

47.     Based on this violation, Plaintiff and Members of the Reimbursement Subclass are entitled to recover their unreimbursed expenses, interest thereon, attorney's fees, and costs of suit under section 2802.

### SIXTH CLAIM FOR RELIEF

*California Labor Code § 226*

*Failure to Provide Information on Pay Stubs*

*(Class Action)*

48.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

49.     As alleged above, because Defendant failed to pay proper meal- and rest-period wages, failed to pay proper wages for off-the-clock work, and failed to pay all outstanding overtime wages, employees were not provided with an accurate statement of all gross and net wages earned.  Furthermore, Defendant's wage statements are independently defective because they do not specify all applicable hourly rates in effect during the pay period, or only the last four digits of the employees' social security number of an employee identification number other than a social security number. Plaintiff's final wage statement also does not contain the name and address of the employer. The foregoing violations are deemed to cause injury and, due to the prior litigation experience of the Defendant and its sophistication, the violations were knowing and intentional.  Plaintiff and Members of the Wage Statement Subclass are therefore entitled to recover the damages specified by section 226 of the Labor Code, along with attorney's fees and costs.

### *SEVENTH CLAIM FOR RELIEF*

*California Labor Code §§ 201, 202, and 203*

*Continuing Wages*

*(Class Action)*

50.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

51.     As alleged above, because Defendant failed to pay proper rest-period wages, failed to pay proper wages for off-the-clock work, and failed to pay all outstanding overtime wages, former employees were not provided with all wages due and owing upon the termination of their employment.  Defendant also failed to timely pay owed vacation pay and commissions, bonuses and/or spiffs to Plaintiff and other former employees upon the termination of their employment.

52.     Based on these violations, Plaintiff and those Members of the Rest-Period Subclass, Off-the-Clock Subclass, and Miscalculation Subclass who are former employees are entitled to the continuing wages specified by section 203 of the Labor Code.

### *EIGHTH CLAIM FOR RELIEF*

*California Business and Professions Code § 17200* et seq.

*Unfair Competition*

*(Class Action)*

53.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

54.     California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Plaintiff alleges that Defendant has engaged in unfair and/or unlawful business practices by the above-described failures to pay proper meal- and rest-period wages, including premium wages and/or associated penalties, proper compensation for off-the-clock work, all outstanding overtime compensation, and

1   any expense reimbursement, resulting in their suffering actual economic harm by reason

2   of Defendant's conduct.

3       55.   Based on these violations, Plaintiff seek restitution from Defendant to

4   restore any and all amounts withheld, acquired, or converted by Defendant by means of

5   the unfair and/or unlawful practices complained of herein.  In addition, Plaintiff, on

6   behalf of themselves and other similarly situated employees, as well as on behalf of the

7   general public, further seek interest thereon, attorney's fees, and costs pursuant to Labor

8   Code sections 218.5 and 218.6, and California Code of Civil Procedure section 1021.5.

9   In addition, Plaintiff seeks the appointment of a receiver as necessary.

10   **NINTH CLAIM FOR RELIEF**

11   *California Labor Code § 2698* et seq.

12   *Civil Penalties*

13       56.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

14   allegation set forth in this Complaint.

15       57,   Pursuant to section 2699.3(a)(1) of the Labor Code, on approximately July

16   29, 2015, Plaintiff gave written notice by certified mail to the California Labor and

17   Workforce Development Agency ("LWDA") of the specific provisions of the Labor

18   Code alleged to have been violated by Defendant, including the theories set forth in the

19   Complaint.  Also on July 29, 2015, Plaintiffs gave written notice by certified mail to

20   Defendant, through its counsel of record and registered agents for service of process, of

21   the specific provisions of the Labor Code alleged to have been violated by Defendant.  A

22   copy of the July 29, 2015 letter (without enclosures) is attached hereto as **Exhibit 3**.

23       58.   At all relevant times herein, California Labor Code section 2699.3(a)(2)(A)

24   provided:

25       The agency shall notify the employer and the aggrieved employee or

26       representative by certified mail that it does not intend to investigate the

27       alleged violation within 30 calendar days of the postmark date of the notice

28       received pursuant to paragraph (1). Upon receipt of that notice or if no

notice is provided within 33 calendar days of the postmark date of the notice
given pursuant to paragraph (1), the aggrieved employee may commence a
civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A).  Plaintiff presumes that within thirty days the LWDA
will notify Plaintiff and Defendant that it does not intend to investigate Plaintiff's
allegations.  Accordingly, either upon notification by the LWDA that it will not
investigate Plaintiff's claims, or after the passage of thirty three days from the date of
Plaintiff's notice to the LWDA, Plaintiff, pursuant to section 2699.3(a)(2)(A), "may
commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).
Section 210 of the California Labor Code provides for civil penalties for each violation of
section 204.  Section 226.3 of the California Labor Code provides for civil penalties for
each violation of section 226 (a). Section 558 provides for civil penalties for each
violation of sections 510 and 512. Section 1197.1 provides for civil penalties for each
violation of section 1194.  Section 2699(f) of the California Labor Code provides for civil
penalties for violations of the California Labor Code, for which a specific civil penalty is
not provided and the applicable Industrial Welfare Commission Wage Order. Section
2699(a) provides that civil penalties may be "recovered through a civil action brought by
an aggrieved employee on behalf of himself or herself and other current or former
employees." Cal. Lab. Code § 2699(a).  Section 2699(g) provides that an employee who
prevails in a civil action under section 2699 shall be entitled to an award of reasonable
attorneys' fees and costs.  The California Supreme Court has ruled that "an employee's
right to bring a PAGA action is unwaivable." Iskanian v. CLS Transp. Los Angeles,
LLC, 59 Cal. 4th 348, 383, 327 P.3d 129, 148 (2014).

59.   Plaintiff contends that violations of sections 201, 202, 203, 204, 226, 226.7,
510, 512, 1194, and 2802 of the California Labor Code, as well as Paragraphs 3 (Daily
overtime), 7 (Records – failure to keep accurate "[t]ime records showing when the
employee . . . ends each work period"), or 12 (Rest Periods) of the Wage Order, enable
them to here recover civil penalties under PAGA, as well as attorney's fees and costs,

from Defendant through a civil action on behalf of himself and other aggrieved employees.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     That the Court certify the requested Class and Subclasses described herein, in account with Rule 23 of the Federal Rules of Civil Procedure.

2.     That the Court certify the Collection Action sought herein.

3.     With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiff, and the Rest-Period Subclass, for unpaid rest-period wages, including interest thereon, according to proof.

4.     With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiff and the Off-the-Clock Subclass for their unpaid wages, interest thereon, attorney's fees, and costs, all according to proof.

5.     With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiff, the Off-the-Clock Subclass, and the Miscalculation Subclass for unpaid overtime, interest thereon, attorney's fees, and costs, all according to proof.

6.     With respect to the fourth claim for relief, that the Court enter judgment in favor of Plaintiff and the Federal-Law Collective Action for unpaid overtime, liquidated damages, attorney's fees, and costs, all according to proof.

7.     With respect to the fifth claim for relief, that the Court enter judgment in favor of Plaintiff and the Reimbursement Subclass for their unreimbursed expenses, interest thereon, attorney's fees, and costs of suit, all according to proof.

8.     With respect to the sixth claim for relief, that the Court enter judgment in favor of Plaintiff and the Wage Statement Subclass for wage statement damages, attorney's fees, and costs, all according to proof.

9.     With respect to the seventh claim for relief, that the Court enter judgment in favor of Plaintiff, the Rest-Period Subclass, the Off-the-Clock Subclass, and the Miscalculation Subclass for continuing wages according to proof.

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT

10.     With respect to the eighth claim for relief, that the Court enter judgment in favor of Plaintiff, the Rest-Period Subclass, the Off-the-Clock Subclass, the Reimbursement Subclass, and the Miscalculation Subclass for restitution in the form of unpaid wages and mileage expenses, as well as interest thereon, injunctive relief, attorney's fees, and costs, all according to proof.

11.     With respect to the ninth claim for relief, that this Court award Plaintiff and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the California Labor Code.

12.     For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5.

Dated:  July 29, 2015                          HARRIS & RUBLE

_____/s/ *Alan Harris*_____

Alan Harris
*Attorneys for Plaintiffs*

CLASS-ACTION AND COLLECTIVE-ACTION COMPLAINT