ALAN HARRIS, Bar No. 146079
aharris@harrisandruble.com
PRIYA MOHAN, Bar No. 228984
pmohan@harrisandruble.com
HARRIS & RUBLE
655 North Central Avenue, 17th Fl.
Glendale, CA 91203
Telephone: 323.96.3777
Facsimile:  323.962.3004

KEVIN WOODALL, Bar No. 180650
kevin@kwoodalllaw.com
WOODALL LAW OFFICES
100 Pine Street, Ste. 1250
San Francisco, CA 94111
Telephone: 415.413.4629
Facsimile: 866.937.4109

Attorneys for Plaintiff
THAD JOHNSON

*(Caption continued on following page)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAD JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.  2:15-CV-05745 RGK-PJWx<br><br>ASSIGNED TO JUDGE R. GARY KLAUSNER<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date:         None Set<br>Complaint Filed: July 29, 2015<br>FAC Filed:          October 2, 2015 |

*[Handwritten note:]* This order does not authorize the parties to file documents under seal. Under seal filings are governed by Local Rule 79-5.  PJW

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
: Angeles, CA  90067.3107
310.553.0308

1  TANJA L. DARROW, Bar No. 175502
   tdarrow@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA 90071
4  Telephone: 213.443.4300
   Facsimile: 213.443.4299
5
   SARAH E. ROSS, Bar No. 252206
6  sross@littler.com
   ANDREA R. MILANO, Bar No. 278937
7  amilano@littler.com
   LITTLER MENDELSON, P.C.
8  2049 Century Park East
   5th Floor
9  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
10 Facsimile: 310.553.5583

11 Attorneys for Defendant
   THE GOODYEAR TIRE & RUBBER COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Angeles, CA 90067.3107
310.553.0308

## I. PURPOSE OF STIPULATION AND PROTECTIVE ORDER

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the parties, by and through their respective counsel, hereby by stipulate to, and seek the Court's approval of, the following Protective Order.

## II. DEFINITIONS

1. <u>Party</u>. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2. <u>Counsel</u>. "Counsel" means:

   a. Littler Mendelson, P.C., and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

   b. Harris & Ruble, the Woodall Law Offices and their respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

3. <u>Confidential or Confidential Information</u>. For the purposes of this Protective Order, the term "Confidential" or "Confidential Information" is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of: (1) Defendant The Goodyear Tire & Rubber Company ("Defendant"); (2) Plaintiff

1  Thad Johnson ("Plaintiff"); or (3) any third parties, the disclosure of which information is likely to have the effect of causing harm to the competitive position of Defendant or to the organization or person from whom the information was obtained, or to the parties' privacy. Confidential Information also includes private information pertaining to Defendant's or a third party's employees, for which Defendant or a third party has a duty to maintain the confidentiality of such information. Information designated Confidential may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order.

### III. DESIGNATION OF PROTECTED INFORMATION

4. In connection with discovery proceedings in this action, the Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as Confidential under the terms of this Protective Order (hereinafter "Protective Order"). By designating a document, thing, material, testimony, or other information derived therefrom as Confidential, the Party making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

5. Confidential documents shall be so designated by stamping each page of the document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk or electronic storage device shall designate all contents therein as Confidential, unless otherwise indicated by the producing party.

6. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within thirty (30) days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such

1  proceeding to separately bind such portions of the transcript containing information
2  designated as Confidential, and to label such portions appropriately. During the thirty
3  (30) day period, all such deposition transcripts shall be treated as if it had been
4  designated as Confidential.

5      7.    Material designated as Confidential under this Protective Order, the
6  information contained therein, and any summaries, copies, abstracts, or other
7  documents derived in whole or in part from material designated as Confidential
8  (collectively, "Confidential Material") shall be used only for the purpose of the
9  prosecution, defense, or settlement of this action, and for no other purpose.

10     8.    Confidential Material produced pursuant to this Protective Order and
11 marked solely as "Confidential" may be disclosed or made available only to:

12     a.    the Court; a jury, arbitrator, or other trier or determiner of fact in
13 this action; a mediator who has been mutually agreed upon by the Parties;

14     b.    Counsel for a Party (including the paralegal, clerical, and
15 secretarial staff employed by such Counsel);

16     c.    a Party, or an officer, director, or employee of a Party deemed
17 necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

18     d.    experts or consultants (together with their clerical staff) retained by
19 such Counsel to assist in the prosecution, defense, or settlement of this action, except
20 that such experts and consultants shall not be employees of any Party or currently or
21 previously under contract with any Party (except any retention agreement relating to
22 such experts or consultants as experts or consultants in this action), or previously
23 affiliated or associated in any way with any Party;

24     e.    court reporter(s) employed in this action;
25     f.    a witness at any deposition or other proceeding in this action; and
26     g.    any other person as to whom the Parties in writing agree.
27 Categories (c)-(g) above shall hereafter be referred to as "Qualified Person(s)." Prior
28 to receiving any Confidential Material, each Qualified Person shall be provided with a

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
; Angeles, CA 90067.3107
310.553.0308

copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such Confidential Material to the Qualified Person.

9. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 8, subject to the requirements of paragraph 8's requirement of the execution of a Non-Disclosure Agreement.

10. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any Party's own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

11. If a Party wishes to file documents with the Court which have been designated "CONFIDENTIAL" by another Party or Third Party pursuant to this Protective Order, such documents must be filed under seal in compliance with Local Rule 79-5.1.

12. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its Confidential status through such use and the Party using such Confidential Material, shall take all reasonable steps to maintain its confidentiality during such use.

13. This Protective Order shall be without prejudice to the rights of the Parties or any other Third Party (a) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use

should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

14. If a Party wishes to challenge the designation of materials stamped "CONFIDENTIAL," the Challenging Party shall notify the Designating Party in writing of the documents and basis for the challenge. The Designating Party shall respond in writing within five (5) business days thereafter. If any disputes remain, the parties shall meet and confer within four (4) business days of the Designating Party's response in an effort to resolve such disputes. If any disputes remain unresolved, the Challenging Party shall bring a motion seeking to remove the confidentiality designation pursuant to Local Rule 37. The Designating Party shall provide its portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2 within five (5) business days after the parties meet and confer. Such motion shall thereafter be governed by Local Rule 37-2.2 through 37-4. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

15. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any Party or any Third Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or any Third Party or the absence thereof, or to impact in any way a Party's right to object to any discovery requests on any grounds, including attorney-client privilege, work product immunity, or any other protection provided under the law.

16. While this Stipulation is for the Court's consideration and approval as an

1  order, it shall also be construed to create a contract between the Parties or between the
2  Parties and their respective counsel.

3   17.   This Protective Order shall survive the final termination of this action
4  and the Court shall retain jurisdiction to resolve any dispute concerning the use of
5  information disclosed hereunder.  Upon termination of this action, Counsel for the
6  Parties shall destroy all documents, materials, and deposition transcripts designated as
7  Confidential, and provide written affirmation of such to opposing Counsel.

8   18.   This Stipulation and Order may be executed in one or more identical
9  counterparts, each of which shall be deemed to be an original, but all of which
10 together shall constitute one and the same instrument.  Facsimile signatures of any
11 Party upon the signature page of this Stipulation and Order shall be binding upon the
12 Parties hereto and may be submitted as though such signatures were original
13 signatures.

14  19.   In the event a party inadvertently discloses or produces any Confidential
15 materials without designation, such inadvertent disclosure does not constitute a waiver
16 of confidentiality status.  A party may designate such documents/information
17 Confidential within a reasonable time after such inadvertent disclosure.

18  20.   If a party wishes to use another party's "Confidential" documents at trial,
19 the party shall advise the other party's counsel prior to offering the documents, with
20 advance notice if reasonably practicable.  The proponent of confidentiality then may
21 move to file the documents under seal.  The proponent also may move the Court to
22 restrict access to the courtroom while the "Confidential" documents are discussed.
23 The other parties need not join in such motions.

24  21.   In the event that a party is served with a subpoena by any person, firm,
25 corporation, or other entity who is not a party to this action, is not a signatory to this
26 Order, or otherwise is not bound by this Order, which seeks to compel production of
27 Confidential documents, the party upon whom the subpoena is served shall give
28 written notice of the subpoena to the party who has asserted that the information or

documents sought by the subpoena is Confidential. The written notice required by this Paragraph shall be given no later than seven (7) days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as Confidential shall have the responsibility to obtain from the Court an order quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Order.

22. This Stipulated Protective Order may be modified only if such modification is in writing, signed by the parties, and approved by an order of the Court.

Dated: November 11, 2015

/s/ Alan Harris
ALAN HARRIS
KEVIN WOODALL
PRIYA MOHAN
HARRIS & RUBLE
WOODALL LAW OFFICES
Attorneys for Plaintiff
THAD JOHNSON

Dated: November 11, 2015

/s/ Sarah E. Ross
TANJA L. DARROW
SARAH E. ROSS
ANDREA R. MILANO
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER COMPANY

Firmwide:136889100.1 056530.1249

IT IS SO ORDERED.
DATED: 11/12/15

*Patrick J. Walsh*
UNITED STATES MAGISTRATE JUDGE